Prober & Raphael, A Law Corporation
Dean Prober, Esquire, #106207
Lee S. Raphael, Esquire, #180030
Cassandra J. Richey, Esquire #155721
David F. Makkabi, Esquire #249825
P.O. Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100
F.040-1214
Attorneys for Secured Creditor U.S. Bank, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MICHAEL LAVON SPRIGGS,<br><br>Debtor. | Bk. No. 09-71618<br><br>CHAPTER 13<br><br>R.S. No. DRP – 737<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY<br><br>Hearing-<br>Date : April 14, 2010<br>Time : 10:30 AM<br>Place : U.S. Bankruptcy Court<br>　　　　1300 Clay Street, 2nd Floor<br>　　　　Oakland, CA<br>　　　　Courtroom 220 |

U.S. Bank, N.A., a holder in due course, its assignees and/or successors, move the Court for relief from the Automatic Stay and Co-Debtor Stay provided by 11 U.S.C. §362. This motion seeks an Order terminating the Automatic Stay and Co-Debtor Stay of 11 U.S.C. §362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party (and its Trustee) may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtor's property.

This Motion is brought pursuant to 11 U.S.C. §362(d)(1) for "cause" and due to the failure of Debtor to make required payments as set forth in the Declaration, attached hereto and

incorporated herein by reference. Debtor's failure to make required payments provides "cause" for relief from the Automatic Stay and Co-Debtor Stay in accordance with the ruling of the Bankruptcy Appellate Panel in In re: Ellis, 60 B.R. 432.

In addition, and in the event that this Court continues the Automatic Stay and Co-Debtor Stay, Movant will seek adequate protection of its secured interest pursuant to 11 U.S.C. §§361 and 362, including a requirement that Debtor reinstates all past arrearages and immediately commence regular monthly payments.

Movant alleges that the commercially reasonable value of the subject Property is approximately $388,018.99, as evidenced by Debtor's Schedules filed with this Court, a copy of which is attached hereto and made a part hereof. Movant requests that this Court take judicial notice of the aforementioned Schedules pursuant to Federal Rule of Evidence Section 201.

Movant also seeks an Order terminating and vacating the Automatic Stay and Co-Debtor Stay for all purposes as it pertains to Movant's interest in the subject real Property, including the prosecution of appropriate foreclosure remedies, without the requirement of further notice or publication, except as may be required by state law.

In the event this case is dismissed before Movant's Motion for Relief can be heard, Movant requests that this Court retain jurisdiction to hear the pending motion for relief from the automatic stay as authorized by In re Aheong 276 B.R. 233 (9th Cir.BAP 2002). As this Court aware, the Ninth Circuit BAP ruled in In re Aheong 276 B.R. 233 (9th Cir.BAP 2002), that the bankruptcy court possessed continuing "arising under" jurisdiction to annul an automatic stay despite the dismissal and even after the closing of the case.

Esther C. Spriggs, the original borrower on the subject Note and Deed of Trust, transferred her interest in the subject Property to Esther C. Spriggs and Michael Lavon Spriggs. This transfer was done through a Grant Deed recorded June 25, 2008. (A copy of the Grant Deed is attached hereto as **Exhibit "C"** and made a part hereof). Said Grant Deed recites on its face that no consideration was given by the transferees.

This transfer was done without Movant's consent and in violation of the terms of the Deed of Trust.

Furthermore, Movant seeks attorneys' fees and costs incurred in bringing this Motion. Movant requests such fees pursuant to the Contract securing Movant's claim or pursuant to 11 U.S.C. §506(b). Post-petition attorneys' fees and costs for the within motion may be added to the outstanding balance of the subject Note, pursuant to <u>Travelers Casualty v. Pacific Gas and Electric Co.</u>, 549 U.S. _____ (2007), and as allowed under applicable non-bankruptcy law.

In addition, Movant requests such further relief as is just.

This Movant also seeks an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

This Motion shall be based on these moving papers, as well as the attached Declaration.

Responsive pleadings, points and authorities and declarations are not required, but may be filed, pursuant to Bankruptcy Local Rule 4001(f).

In the event neither Debtor, the Debtor's Counsel or the Trustee appears at a hearing on this motion, the Court may grant relief from the Automatic Stay and Co-Debtor Stay permitting moving party to foreclose on the Debtor's property located at **5878 - 5878 1/2 Beaudry Street, Emeryville, California** and obtain possession of such property without further hearing.

WHEREFORE, Movant prays judgment as follows:

1.) For an Order granting relief from the Automatic Stay and Co-Debtor Stay, permitting this Movant to move ahead with foreclosure proceedings under Movant's Deed of Trust.

2.) For such Order regarding adequate protection of Movant's interest as this Court deems proper.

3.) For an Order binding Debtor in any conversion of the above-referenced Bankruptcy proceeding and in any subsequently filed bankruptcy proceeding of any nature. If recorded in compliance with applicable state laws governing notices of interest or liens in the

Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording

    4.) For attorneys' fees and costs for suit incurred herein.

    5.) For an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

    6.) For such other relief as this Court deems appropriate.

PROBER & RAPHAEL
A LAW CORPORATION

DATED: March 15, 2010    By /s/ Dean R. Prober Esquire
    DEAN R. PROBER, ESQUIRE, #106207
    Attorney for Secured Creditor